**In re Molly Jane COLEMAN, Debtor.**

**No. 7–01–01199–WSB–11.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Sept. 17, 2002.

John M. Lamie, Esq., Browning, Lamie & Gifford, Abingdon, VA, Counsel for the Debtor.

## MEMORANDUM OPINION

WILLIAM F. STONE, Jr., Bankruptcy Judge.

The matter before the Court is the timely filed motion on behalf of Community Trust Bank to reconsider the Court's memorandum opinion and order of March 21, 2002. The Court will treat such motion as one to alter or amend its judgment as provided by Bankruptcy Rule 9023 (F.R.C.P.59(f)).

In addition to reiterating its prior arguments that the Debtor's whole purpose in filing her bankruptcy case is to benefit herself rather than her creditors and that she therefore lacks good faith in bringing the case, the Bank refers to her other allegedly improper acts, such as a voluntary transfer of an unencumbered Ford Explorer vehicle to her daughter prior to bankruptcy and her alleged manipulation of income from her husband's property to create an impression of a viable Chapter 11 case. The Court will not repeat its comments contained in its March 21 opinion but will make the following three points:

■ 1) Under the Fourth Circuit Court of Appeals decision in the case of *Carolin Corp. v. Miller*, 886 F.2d 693 (4th Cir. 1989), this Court may not dismiss a Chapter 11 case unless it finds both that the Debtor lacks good faith and that any reorganization plan is futile, neither of which seems applicable to the present case.

2) The Bank's Motion to Dismiss is motivated by its own narrow self-interest of avoiding any challenge to its deeds of trust rather than any desire to preclude the Debtor from obtaining a discharge of her pre-bankruptcy obligations. In a separate contemporaneous opinion, the Court has held that such deeds of trust were given to hinder and delay the IRS's collection ef-

forts and are avoidable for the benefit of Mrs. Coleman's creditors.

■ 3) The fraud of a bankruptcy debtor does not forfeit the trustee's avoidance claims under 11 U.S.C. § 544(b) because such claims are for the benefit of all creditors. *See In re Davis*, 785 F.2d 926, 927 (11th Cir.1986).

Accordingly, the Motion to Reconsider the Court's denial of the Bank's Motion to Dismiss is denied.

■ A different situation is presented, however, with regard to the Court's order confirming the Debtor's Plan. In a separate opinion explaining the Court's decision in the adversary proceeding brought by Mrs. Coleman in her capacity as Debtor–in–Possession seeking to avoid the deeds of trust which she granted to the Bank, the Court reviews a line of authority dealing with limits upon the debtor-in-possession's powers exercised for her, his or its own personal benefit. That discussion will not be repeated here and is hereby incorporated by reference in this opinion. That line of authority had not been cited to the Court by counsel or come to the Court's attention as a result of its own research prior to such order being entered, but was encountered in the course of preparing the opinion in the adversary proceeding. At the time of preparing the Court's memorandum opinion of March 21, the Court treated the issue as being a choice between avoiding the deeds of trust entirely and free and clear of any interest of the Bank or not avoiding them at all. Accordingly, the Court believes that its opinion of March 21, 2002 was partially incorrect and therefore will withdraw such opinion.

The Debtor's Plan as confirmed by this Court left the Debtor, in the event of a successful challenge to the Bank's deeds of trust in the adversary proceeding, free to continue her efforts to gain innocent

spouse relief from the IRS with regard to its claim and subject to an obligation to sell the properties subject to the deeds of trust only if necessary to pay the IRS and her other creditors. Such a result is directly at odds with this Court's decision rendered contemporaneously with this one in the adversary proceeding upholding the Bank's rights in the deeds of trust as to Mrs. Coleman but subordinating them to the rights of her creditors. Accordingly, such Plan ought not to have been confirmed. Therefore, the Court's confirmation order of March 21, 2003 will be rescinded and the Debtor as well as all other parties in interest will be granted 30 days in which to file a plan of liquidation of the property of the estate, in default of which, or in default of the Court confirming any such plan so proposed, the Court will entertain a motion to appoint a Trustee or convert the case to one under Chapter 7.

The Clerk shall send copies of this opinion to the Debtor, counsel for all of the parties, and the Office of the United States Trustee.